Reese, J.
delivered the opinion of the court.
On the 30th day of June, 1841, the plaintiff moved the circuit court for Tipton county, then sitting, for a pro-rata allowance or distribution .to them upon their execution against one Richard H. Mumford, of the proceeds of the sale of certain real estate of said Richard H. Mumford, then lately made by said *67 sheriff, by virtue of a venditioni exponas in favor of James E. Mumford. The plaintiffs took nothing by their motion, and have brought this writ of error to this court.
James E. Mumford obtained his judgment bu the 13th June, 1839, and caused executions to issue, which were returned nothing found. On the 16th November, 1840, he caused an alias execution to be issued, returnable on the 3d Monday of February, 1841. On 19th December following, this execution was levied upon personal property, which was sold without satisfying the execution, and on the 15th February, 1841, the same execution was levied on the land of the defendant in the execution, and returned to February term of said court. James E. Mumford sued out a venditioni exponas, commanding the sheriff to sell the lands levied on, which was done on June 1st, 1841, to J. E. Mumford for $500. The plaintiffs on the 24th June, 1840, recovered judgment against the said defendant. On the 2d February, 1841, they caused an execution to issue, which on the same day was levied on lands other than those mentioned, and which were sold on the 1st June, being the same day on which the land above mentioned was sold, and then on that day, the same execution was levied upon a part of the land sold to the other party, but no further steps were taken thereon, except this motion. The above facts show that more than a year had expired after the rendition of J. E. Mumford’s judgments before a levy upon, or a sale of the land; and, also, that more than a year had elapsed after the rendition- of plaintiffs’judgment before this motion was made. The act of 1831, ch. 90, sec. 7, provides, that “all judgments obtained in any court of record in this State shall be a lien upon the debtor’s land from the time said judgment was rendered,” &c., provided an execution is taken out upon said judgment, and said land sold within twelve months after the rendition.” At the time this motion was made, this had not been done upon either execution, and the lien of the judgment of both had expired. The question then in this case is simply, whether where a venditioni exponas and a fieri facias tested of the same term and returnable to the same term, and in the hands of the sheriff a.t the same time, the execution or fieri facias (auditor its entitled to share *68 with him who has sued out the venditioni exponas in the proceeds of the sale. And we think that most clearly he is not.
It was determined, indeed, in the case of Overton vs. Perkins, 10 Yerg., that a levy upon lands does not vest the property in the sheriff, as in the case of a personal chattel; and that an authority to sell, or venditioni expmas is still necessary; but to contend that the specified designation or appropriation of land by levy for the satisfaction of an execution should confer no advantage on the plaintiffs, because, to perfect and consummate such levy, a further authority in the form of a venditioni exponas is necessary, would overturn a favorite maxim of the common law, by depriving vigilance of its. reward, and would carry the principle decided in Perkins vs. Overton greatly beyond what was intended or would be proper. The venditioni exponas when issued, relates to, and as it were, identifies and incorporates itself with the previous execution and levy, so as to have precedence or priority over the process concurrent with it only in its test and in its return.
S We are of opinion, therefore, that the judgment of the circuit court must be affirmed.